■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY MORALES, Appellant.—Appeal by defendant from two judgments of the Supreme Court, Queens County (Giaccio, J.), both rendered April 12, 1983, one convicting him of burglary in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and the other convicting him of burglary in the second degree, upon a plea of guilty, and imposing sentences.

Judgments affirmed.

Viewing the evidence in the light most favorable to the people, as we must *(see, People v Contes,* 60 NY2d 620), we find defendant's guilt of burglary in the second degree and criminal possession of stolen property in the third degree under indictment No. 2316/82 was proven beyond a reasonable doubt. Defendant was identified near the scene of the crime by one witness as one of two men who he had seen only minutes before running out of his aunt's house, carrying a pillowcase. Another witness, a resident of the house that was burglarized, also identified defendant as one of the perpetrators and also identified the contents of the pillowcase, which had been filled with various household items. The credibility of these witnesses was for the jury to determine *(see, People v Joyiens,* 39 NY2d 197; *People v Bigelow,* 106 AD2d 448). Defendant's motion for a *Wade* hearing was properly denied because the identifications were made spontaneously and were not the product of an identification procedure arranged by the police *(see, e.g., People v Logan,* 25 NY2d 184, 193, *cert denied* 396 US 1020; *People v Parente,* 104 AD2d 667; *People v Dukes,* 97 AD2d 445).

The fact that the prosecutor failed to call a witness that he indicated in his opening statement he would call does not mandate a reversal, in view of the lack of prejudice to the defendant and the fact that defendant failed to raise any objection to this omission at the trial *(see, People v De Tore,* 34 NY2d 199, *cert denied sub nom. Wedra v New York,* 419 US 1025; *cf. People v Cruz,* 100 AD2d 882). The fact that the

prosecutor displayed a knife to the jury which was found on the codefendant upon his arrest does not require a reversal since defense counsel opened the door to such evidence *(see, People v Melendez,* 55 NY2d 445). Moreover, the trial court refused to permit the knife to be introduced in evidence, and instructed the jury to disregard any items not in evidence. The comments made by the prosecutor during his summation were proper responses to the summations of the defense counsels *(see, People v Marks,* 6 NY2d 67, 77-78, *cert denied* 362 US 912). The trial court's charge regarding evidence of flight as a consciousness of guilt was entirely proper *(see, People v Yazum,* 13 NY2d 302), and the charges on circumstantial evidence and eyewitness identification were adequate *(see, People v Sanchez,* 61 NY2d 1022, 1024; *People v Morris,* 36 NY2d 877; *People v Whalen,* 59 NY2d 273). We have considered defendant's other contentions and find them to be without merit. Gibbons, J. P., Thompson, Weinstein and Kunzeman, JJ., concur.