■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENE LOPEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered March 29, 1984, convicting him of burglary in the second degree, possession of burglar's tools, and criminal mischief in the fourth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Auser, J.), of the defendant's motion to suppress identification testimony and physical evidence.

Judgment affirmed.

At approximately 10:30 A.M. on the morning of October 24, 1982, Manny Stein observed a brown car parked with its hood up in front of 656 Fifth Avenue in New Hyde Park. Two male blacks were standing in front of the car. A few minutes later, as he was returning from the store, Mr. Stein passed the parked brown car again; this time only one man was standing in front of it, but the other was midway between the curb and the rear door of the house at 656 Fifth Avenue, looking from side to side, as though observing the area. His suspicions aroused, Stein made a U-turn and again approached the brown car and the two men, getting "a good look" at the man near the house, and jotting down the license plate number of

the brown car on his newspaper. He then called the police, telling them that he would attempt to follow the men should they leave the scene before the police themselves arrived. By the time Stein returned to the scene, however, the brown car had gone.

Police Officer Pfadenhauer arrived at 656 Fifth Avenue at about 10:56 A.M., only a minute or so after receiving a radio transmission of a possible burglary in progress at that address. The officer observed a black male enter the vehicle described in the radio transmission, and the car then slowly drove away. Upon confirming that the license plate number of the brown car matched that given in the radio transmission, Pfadenhauer signalled the car to stop, but instead it accelerated and a chase ensued. Some blocks later, the brown car side-swiped another vehicle, crossed an intersection and eventually crashed into a tree on the lawn of Sewanhaka High School. Pfadenhauer saw three persons exit the brown car, and he pursued the driver. Police Officer Gross, who arrived at the scene shortly after the accident, was told by a civilian that occupants of the brown car had run towards the high school, and he pursued them. He discovered the defendant, bleeding from a head injury and holding a bloody jacket, underneath some bushes on the school grounds. Gross ordered the defendant out of the bushes and frisked him, recovering a screwdriver from a rear pocket and a perfume bottle from the pocket of his jacket. The defendant was placed under arrest. Gross then took him back to the scene of the accident, and put him in a police ambulance.

At about this time, Stein arrived at the scene of the accident, and recognized the damaged brown car. He looked inside the police ambulance, recognized the defendant as the man that he had seen near the house at 656 Fifth Avenue, and immediately told the police of his identification.

The hearing court correctly denied that branch of the defendant's motion which was to suppress the perfume bottle recovered from his jacket pocket. The search here was clearly proper as incident to the defendant's lawful arrest (see, United States v Edwards, 415 US 800, 802; People v Perel, 34 NY2d 462).

We also reject the defendant's contention that Stein's identification testimony should have been suppressed on the ground that his observation of the defendant in the police ambulance constituted an unnecessarily suggestive showup. It is quite clear on this record that no showup, that is, no police-ar-

ranged confrontation between a witness and a defendant, occurred here *(see, e.g., People v Whisby,* 48 NY2d 834, 836; *People v Medina,* 111 AD2d 190, 191). As no police activity was involved, and Stein's viewing of the defendant was a coincidence, there is no reason to apply exclusionary rules which were designed solely to deter improper police conduct *(see, People v Logan,* 25 NY2d 184, 193, *cert denied* 396 US 1020).

The defendant failed to object to the prosecutor's comments on summation, and therefore his contentions with respect thereto have not been preserved for appellate review *(see, People v Nuccie,* 57 NY2d 818). In any event, the trial court's prompt curative instructions, delivered, *sua sponte,* clearly sufficed to protect the defendant's right to a fair trial.

We have considered the defendant's remaining contentions and find them to be without merit. Lazer, J. P., Bracken, Brown and Kooper, JJ., concur.