■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN R. DECKER, Appellant.—Appeal by the defendant from a judgment of the the County Court, Nassau County (Thorp, J.), rendered March 5, 1985, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was for the suppression of identification testimony.

Ordered that the judgment is affirmed.

We reject the defendant's contention that a witness's out-of-court identification of him should have been suppressed since it was made under unduly suggestive circumstances. We initially observe that the pretrial encounter was not a "police-arranged confrontation * * * between [the] defendant and an eyewitness * * * for the purpose of establishing the identity of the criminal actor" *(People v Gissendanner,* 48 NY2d 543, 552), but was, rather "a mere happenstance unoccasioned by law enforcement officials" *(People v Logan,* 25 NY2d 184, 193, *cert denied* 396 US 1020). As such, it is not subject to suppression *(see, People v Whisby,* 48 NY2d 834; *People v Parker,* 127 AD2d 614, *lv denied* 69 NY2d 1008; *People v Lopez,* 118 AD2d 873, *lv denied* 68 NY2d 670).

Even if it may be said that the confirmatory identification which occurred near the scene of the burglary within minutes thereafter and immediately after the accidental encounter was the proper subject of a *Wade* hearing, the record supports the hearing court's conclusion that it was not unduly suggestive *(see, People v Medina,* 111 AD2d 190; *People v Soto,* 87 AD2d 618), and that, in any event, an independent basis existed for the in-court identification.

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Niehoff, Rubin and Sullivan, JJ., concur.