■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES PETERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered December 7, 1982, convicting him of attempted robbery in the second degree (two counts) and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the complainant identified the defendant as one of the perpetrators and stated that he had changed in appearance since the attempted robbery. According to the complainant, the defendant had a "wild" hairstyle at the time of the offense, "like a Rasta, sticking out like this". The defendant was arrested within a few minutes after the crime and his arrest photograph was introduced into evidence after the arresting officer testified that it was a fair and accurate representation of the defendant as he appeared at the time of his arrest. We reject the defendant's contention that the admission of the photograph taken of him at the time of his arrest was prejudicial. The photograph was properly admitted to establish the defendant's appearance on the date of the crime, which occurred approximately one year prior to trial *(see, People v Logan,* 25 NY2d 184, 189, 195-196, *cert denied* 396 US 1020, *rearg dismissed* 27 NY2d 733, 737; *People v Laguer,* 58 AD2d 610; *People v Greenridge,* 46 AD2d 947, 948; *cf., People v Black,* 117 AD2d 512).

Moreover, the defendant's contention that the admission of his arrest photograph violated his Fifth Amendment right against self-incrimination is without merit. The photograph is not testimonial in nature and, thus, did not violate his Fifth Amendment rights *(see, Schmerber v California,* 384 US 757, 759, 763). Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.