■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEENAH MASSENE, LEROY ALEXANDER and JOHNNY GAYLE, Appellants.—Appeal by the defendants from three judgments (one as to each of them) of the Supreme Court, Kings County (Slavin, J.), all rendered November 19, 1986, convicting them of criminal possession of a controlled substance in the third degree, upon jury verdicts, and imposing sentences.

Ordered that the judgments against the defendants Massene and Alexander are affirmed; and it is further,

Ordered that the judgment against the defendant Gayle is modified by reducing the sentence imposed from an indeterminate term of 8⅓ to 25 years, to one of from 5 to 15 years; as so modified, the judgment against the defendant Gayle is affirmed.

The defendants were apprehended in the living room of an apartment. The People's witnesses testified that in this modified railroad-type apartment, the kitchen could be seen from the living room and the defendants were seated on a couch facing the kitchen when the police arrived. Upon entering the apartment and in open view on the kitchen counters, the police found, among other things, three scales; bags of white

powder, later identified as cocaine; manila envelopes and plastic envelopes.

Under these circumstances, we find that the evidence amply supported the defendants' convictions for criminal possession of a controlled substance in the third degree. When narcotics are found in open view in a room, other than a public place, "under circumstances evincing an intent to unlawfully mix * * * package or otherwise prepare for sale such controlled substance[s]", every person in close proximity to the narcotics at the time of their discovery is presumed to have knowingly possessed them (Penal Law § 220.25 [2]). Although this presumption is rebuttable, in this case, the jury could properly, upon all the evidence, draw the inference of criminal possession from the defendants' presence at the place of discovery (see, People v Daniels, 37 NY2d 624; People v Hylton, 125 AD2d 409, lv denied 69 NY2d 881). We note that close proximity does not require that the defendants be found in the same room as the narcotics (see, People v Daniels, supra). Further, the jury's conclusion was not against the weight of the evidence (see, CPL 470.15 [5]; People v Chandler, 121 AD2d 644, lv denied 68 NY2d 913).

In addition, while the trial court's conduct left much to be desired, we find that it does not warrant directing a new trial. A review of the record reveals that virtually all the challenged remarks made by the trial court to various defense counsel were made outside of the jury's presence (see, United States v Robinson, 635 F2d 981, cert denied 451 US 992; cf., People v De Jesus, 42 NY2d 519). Moreover, the record indicates that all defense counsel, regardless of the trial court's criticisms, vigorously and zealously represented their clients (see, United States v Robinson, supra). Under the circumstances, we are satisfied that the defendants were not denied the effective assistance of counsel or a fair trial because of the trial court's conduct.

We find that the sentence imposed upon the defendant Johnny Gayle was excessive to the extent indicated (see, People v Suitte, 90 AD2d 80).

We have examined the defendants' other contentions, and find them to be without merit. Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.