■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY ALEXANDER and JOHNNY GAYLE, Appellants.—Reargument of appeals by the defendants Leroy Alexander and Johnny Gayle from 2 judgments (1 as to each of them) of the Supreme Court, Kings County (Slavin, J.), each rendered November 19, 1986, which were determined by decision and order of this court dated February 8, 1988 *(People v Alexander,* 137 AD2d 624). The motions of the defendants Alexander and Gayle to reargue and to supplement their motion to reargue were previously granted by this court and the parties were directed to serve and file their briefs.

Ordered that upon reargument, the decision and order of

this court dated February 8, 1988, insofar as it pertains to the movants Leroy Alexander and Johnny Gayle, is recalled and vacated, and the following decision and order is substituted therefor.

Appeal by the defendants Leroy Alexander and Johnny Gayle from 2 judgments (1 as to each of them) of the Supreme Court, Kings County (Slavin, J.), both rendered November 19, 1986, convicting them of criminal possession of a controlled substance in the third degree, upon jury verdicts, and imposing sentences.

Ordered that the judgments are reversed, on the law, and a new trial is ordered with respect to both defendants. The facts have been considered and are determined to have been established.

The defendants were apprehended in the living room of an apartment. The People's witnesses testified that in this modified railroad-type apartment, the kitchen could be seen from the living room and the defendants were seated on a couch facing the kitchen when the police arrived. Upon entering the apartment and in open view on the kitchen counters, the police found, among other things, three scales, bags of white powder later identified as cocaine, manila envelopes and plastic envelopes.

Under these circumstances, we find that the evidence amply supported the defendants' convictions of criminal possession of a controlled substance in the third degree. When narcotics are found in open view in a room, other than a public place, "under circumstances evincing an intent to unlawfully mix * * * package or otherwise prepare for sale such controlled substance[s]", every person in close proximity to the narcotics at the time of their discovery is presumed to have knowingly possessed them (Penal Law § 220.25 [2]). Although this presumption is rebuttable, in this case, the jury could properly, upon all the evidence, draw the inference of criminal possession from the defendants' presence at the place of discovery (see, People v Daniels, 37 NY2d 624; People v Hylton, 125 AD2d 409). We note that close proximity does not require that the defendants be found in the same room as the narcotics (see, People v Daniels, supra, at 624). Further, the jury's conclusion was not against the weight of the evidence (see, CPL 470.15 [5]; People v Chandler, 121 AD2d 644).

However, we do find that the defendants are entitled to a new trial. The verdict sheets as to each defendant contained not only the crimes charged and the possible verdicts thereon

*(see,* CPL 310.20 [2]), but also the elements of those charges and factual parentheticals with regard to each charge. The appellant Alexander is entitled to reversal of his conviction as a matter of law and to a new trial in light of the specific objection made by his trial counsel to the verdict sheet *(see, People v Nimmons,* 72 NY2d 830; *People v Owens,* 69 NY2d 585; *People v Crosby,* 150 AD2d 478; *People v Gillispie,* 144 AD2d 482; *People v Testaverde,* 143 AD2d 208; *People v Valle,* 143 AD2d 160). With respect to the defendant Gayle, his trial counsel did not make a specific objection to his verdict sheet, which was identical to the one submitted on behalf of Alexander and the other codefendants. However, the trial court's interjection, in the midst of other defense counsels' objections to the verdict sheets, that "each one of you object and they're all overruled", in effect, preserved this issue for our review as a matter of law with respect to the appellant Gayle. In any event, if it were not preserved, we would find it appropriate under the circumstances to exercise our interest of justice jurisdiction to reach the issue *(see, People v McKenzie,* 148 AD2d 472). Accordingly, the defendant Gayle is also entitled to a new trial.

In light of our determination, we need not address the other contentions raised by the appellants. Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.