■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RIOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered June 24, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at the trial established that on April 3, 1986, at about 6:30 P.M., on Union Street between Third and Fourth Avenues in Brooklyn, the defendant and an accomplice dragged the complainant off his bicycle and into the hallway of a nearby building. While holding the complainant in a headlock, the defendant placed a curved carpet knife to the

complainant's throat and demanded his money. The defendant and his accomplice then took $35 from the complainant's pocket. Within minutes after the crime, the complainant flagged down a police car, gave the officers a detailed description of his attackers, and then pointed out the perpetrators on the street less than two blocks away. A curved carpet knife and $35 were recovered from the defendant and his companion upon their arrest.

The defendant's motion for a *Wade* hearing was properly denied because the identification was made spontaneously and was not the product of an identification procedure arranged by the police *(see, e.g., People v Morales,* 113 AD2d 956; *People v Dukes,* 97 AD2d 445; *see also, People v Logan,* 25 NY2d 184, 193, *cert denied* 396 US 1020; *People v Robinson,* 117 AD2d 826).

Nor did the trial court err in admitting into evidence the defendant's arrest photograph. In the instant case, the defense counsel had "opened the door" during his cross-examination of the complainant to the issue of the defendant's attire. The arrest photographs showed the defendant wearing the red sweatshirt which the complainant had described. It is well established that arrest photographs may be admitted to establish a defendant's appearance at the time of the crime, and the possibility that some aspect of the defendant's appearance might be construed as prejudicial will not suffice to overcome the photographs' relevancy *(People v Logan, supra; People v Peters,* 135 AD2d 841).

Viewing the evidence in the light most favorable to the prosecution *(see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Although the defendant contends that the complainant's testimony contained inconsistencies, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(People v Garafolo,* 44 AD2d 86, 88). In the instant case, "[t]he complainant's testimony did not [waver] on the crucial elements of the crime and the jury properly credited his testimony" *(People v Cruz,* 142 AD2d 588, 589). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Finally, we conclude that the defendant's sentence was not

excessive *(People v Suitte,* 90 AD2d 80). Mollen, P. J., Brown, Rubin and Sullivan, JJ., concur.