■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO GARCIA, Also Known as LUIS MARIO GARCIA, Appellant. —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered October 10, 1985, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for criminal possession of a weapon in the third degree, vacating the sentence imposed thereon and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a controlled substance in the first degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict as to that count was not against the weight of the evidence (CPL 470.15 [5]).

Penal Law § 220.25 (2) provides that: "The presence of a narcotic drug, narcotic preparation * * * in open view in a room, other than a public place, under circumstances evincing an intent to unlawfuly mix, compound, package or otherwise prepare for sale such controlled substance is *presumptive evidence of knowing possession thereof by each and every person in close proximity to such controlled substance at the*

*time such controlled substance was found"* (emphasis supplied).

This court has held, with reference to the foregoing statute, that the element of "close proximity" does not require that the defendant be found in the same room as the narcotics *(see, People v Massene,* 137 AD2d 624; *People v Hylton,* 125 AD2d 409; *People v Chandler,* 121 AD2d 644). Rather, the jury is permitted to employ the statutory presumption if the defendant is present at the place of discovery of the narcotics *(see, People v Daniels,* 37 NY2d 624).

The police responded to a call which indicated that an armed individual was observed entering an apartment building. The defendant was discovered in the bathroom of one of the apartments. Cocaine, drug paraphernalia and numerous weapons were found in the main room of this apartment. The cocaine, which was in plain view, was valued at approximately $50,000. Under the circumstances, it was reasonable for the jury to infer that the defendant knowingly possessed a controlled substance, since he was found in close proximity to a large supply of narcotics. Accordingly, we see no reason to disturb his conviction of criminal possession of a controlled substance in the first degree.

A different result is, however, warranted with respect to the conviction of criminal possession of a weapon in the third degree. The defendant was indicted and convicted for allegedly possessing a pistol which was found under a mattress in the bedroom of the apartment. No evidence was presented from which the jury could infer that the defendant exercised dominion or control over this weapon. It is clear, moreover, that the statutory presumption of possession as defined in Penal Law § 220.25 (2) is inapplicable to a weapons charge *(see, People v Chandler,* 121 AD2d 644, *supra).* Additionally, the statutory presumptions which pertain to a weapon, apply only when the weapon is a machine gun or when the weapon is found in an automobile, neither of which is present the case at bar *(see,* Penal Law § 265.15).

We have examined the defendant's remaining contentions, including his challenge to the propriety of the sentence, and find them to be either unpreserved for appellate review or without of merit. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.