■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALTON RIDDICK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered July 15, 1987, convicting him of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the afternoon of February 5, 1986, police officers responded to a radio report that shots had been fired during a

drug sale in a Brooklyn apartment. When the officers arrived at the scene, they found the defendant standing in an entrance hallway adjacent to the kitchen of a "railroad style" apartment. The police officers testified that from the hallway they could see what appeared to be a large quantity of marihuana, a scale, and envelopes lying on the kitchen table, and that after entering the kitchen they discovered three clear plastic bags of white powder, later identified as cocaine, in open view on top of the refrigerator.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a controlled substance beyond a reasonable doubt. When narcotics are found in open view in a room other than a public place, every person in close proximity to the narcotics at the time of their discovery is presumed by statute to have knowingly possessed them (Penal Law § 220.25 [2]). Although this presumption is rebuttable, under the circumstances of this case the jury could have properly drawn the inference of criminal possession from the defendant's presence at the place of discovery (see, People v Daniels, 37 NY2d 624; People v Garcia, 156 AD2d 710; People v Massene, 137 AD2d 624). In this regard we note that close proximity does not require that a defendant be found in the same room as the narcotics (see, People v Daniels, supra; People v Garcia, supra; People v Massene, supra). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We have examined the defendant's remaining contentions, including his challenge to the propriety of the sentence, and find them to be either unpreserved for appellate review or without merit. Kooper, J. P., Harwood, Balletta and Miller, JJ., concur.