■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEY BOYD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered June 8, 1988, convicting him of burglary in the second degree, criminal possession of stolen property in the fifth

degree, petit larceny, and possession of burglar's tools upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Tomei, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

At the suppression hearing, the arresting officer testified that, while in plain clothes and on patrol in an unmarked car, he observed the defendant carrying a briefcase and running down the street in an erratic manner. There appeared to be a bulge under the defendant's coat. The officer and his partner stopped the defendant to question him and the defendant claimed that he had just been robbed. When asked what was under his coat, the defendant opened his coat and a car stereo fell out. At that point, the arresting officer observed the complainant hurriedly approaching, pointing at the defendant and asking the officers to "Hold him". The complainant then told the officers that the defendant had just burglarized his residence.

Following the *Wade* hearing, the court ruled that the identification of the defendant by the complainant was "free from any police suggestiveness".

Neither the complainant nor the arresting officer's partner testified at the suppression hearing and the defendant asserts that the court erred in declining to grant a continuance so that the defense counsel could secure their attendance. Although the court indicated that upon motion by the defendant, it would reopen the hearing prior to the trial testimony of those witnesses, no such application was ever made. Accordingly, the issue has not been preserved for appellate review (CPL 470.05 [2]; *People v Jones*, 112 AD2d 952).

In any event, the pretrial encounter between the defendant and the complainant was not a "police-arranged confrontation" *(People v Gissendanner*, 48 NY2d 543, 552; *see also, People v Decker*, 134 AD2d 511), but was rather a "mere happenstance unoccasioned by law enforcement officials" *(People v Logan*, 25 NY2d 184, 193, *cert denied* 396 US 1020; *see also, People v Decker, supra)*. Suppression of testimony concerning the confrontation was therefore not warranted *(People v Kennedy*, 128 AD2d 549; *People v Lopez*, 118 AD2d 873; *People v Mack*, 116 AD2d 593; *People v Dukes*, 97 AD2d 445; *see also, People v Gissendanner, supra)*. In addition, the court did not err in declining to grant a continuance of the hearing so that the complainant and the arresting officer's partner could testify *(see, People v Chipp*, 75 NY2d 327).

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.