■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WEBSTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered September 20, 1988, convicting him of arson in the first degree (two counts), criminal mischief in the first degree (two counts), and intimidating a witness in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The facts underlying this case have been set forth in this court's decision and order on the codefendant's appeal *(see, People v Johnson,* 169 AD2d 779 [decided herewith] ), and will not be repeated.

The testimony adduced at the *Wade* hearing established that the out-of-court identifications made by the complainant and his nephew of this defendant were made spontaneously and were not the result of any police-arranged procedure. The People thus having met their burden of establishing the lack of police involvement in those identifications *(see, People v Mack,* 116 AD2d 593), and the defendant having failed to meet his burden of establishing that the pretrial identification procedures were unduly suggestive *(see, People v Stephens,* 143 AD2d 692, 695), the hearing court did not err in denying that branch of the defendant's omnibus motion which was to

suppress identification testimony. For similar reasons, the court did not improvidently exercise its discretion in denying the defendant's request to call the identifying witnesses to testify at the *Wade* hearing *(see, People v Chipp,* 75 NY2d 327, 339, *cert denied* — US —, 111 S Ct 99).

The defendant further contends that the evidence adduced at trial was legally insufficient to establish his guilt of intimidating a victim or witness in the second degree *(see,* Penal Law § 215.16) and that, therefore, any evidence regarding the complainant's original calls to the police department and the ensuing arrests that occurred outside the complainant's home on the night before the firebombings was improperly admitted. We disagree. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), it cannot be said that no rational trier-of-fact could have found that the People established, beyond a reasonable doubt, that the defendant recklessly caused physical injury to another by intentionally damaging his property, "for the purpose of obstructing, delaying, preventing or impeding such other person or another from communicating, or on account of such other person or another person having communicated, information relating to a criminal transaction to any court, grand jury, prosecutor, police officer or peace officer" (Penal Law § 215.16 [3] ). The relationship between the arrests that were caused by information provided by the complainant and the firebombings is sufficiently established by their temporal proximity, the defendant's presence in the company of one of the men arrested in front of the complainant's home, and the complainant's presence when the arrest was effectuated. The officer's testimony regarding the defendant having been in the company of the man he arrested was clearly relevant and probative of the defendant's guilt. Moreover, the trial court acted very diligently in trying to keep to a minimum any testimony that the prior arrest was drug-related. Thus, no undue prejudice inured to the defendant, and the evidence adduced was sufficient to establish his guilt beyond a reasonable doubt.

Given the circumstances surrounding this case, including the defendant's repeated attempts to set the complainant's house on fire while the complainant and his family were inside, we conclude that the sentence imposed was not excessive, and we decline to disturb it *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and

find that they are either unpreserved for appellate review or without merit. Bracken, J. P., Brown, Kunzeman and Harwood, JJ., concur.