■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE HARRIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered December 14, 1988, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

In this prosecution for a gunpoint robbery of the complainant by the defendant and two accomplices, the hearing court properly denied suppression of two showup identifications of the defendant by the complainant. The People met their burden of establishing that the first showup identification, which was spontaneously made by the complainant shortly

after the crime, was not the result of a police arranged identification procedure *(see, People v Whisby,* 48 NY2d 834; *People v Webster,* 169 AD2d 796; *People v Rios,* 156 AD2d 397). The second showup, which subsequently took place at the station house, was not arranged by the police. In any event, it was merely confirmatory since the complainant had already spontaneously identified the defendant as one of the robbers *(People v Johnson,* 169 AD2d 779; *People v Griffin,* 161 AD2d 799; *People v Jackson,* 159 AD2d 640).

Viewing the evidence in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Finally, we find unpersuasive the defendant's contention that he was denied a fair trial by the court's allegedly unbalanced marshalling of the evidence during its charge. The record shows that the court referred to the evidence to the extent necessary to explain the application of legal principles to the factual issues in this case *(see,* CPL 300.10 [2]). The court placed no undue emphasis on the People's contentions. Also, the court referred to the defendant's contention that he was mistakenly identified *(see, People v Glenn,* 160 AD2d 813), and discussed the factors the jury was to consider in determining the complainant's reliability *(see, People v Gray,* 144 AD2d 483). Finally, the court instructed the jurors that they were not to infer from its comments anything with respect to the court's views in the matter *(see, People v Gray, supra; People v McDonnald,* 144 AD2d 701). Thus, considered as a whole, we do not find that the court's charge warrants reversal *(see, People v Beaumont,* 170 AD2d 513). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.