■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BYRD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered December 21, 1988, convicting him of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, robbery in the first degree, robbery in the third degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We agree with the defendant that the trial court improperly instructed the jury that no unfavorable inference should be drawn from the defendant's failure to testify when no such charge was requested by the defendant. However, under the circumstances of this case, we find that error to be harmless *(see, People v Vereen,* 45 NY2d 856).

The defendant's contention that the court improperly denied suppression of two showup identifications by the complainant is without merit. The first showup identification was spontaneously made by the complainant and was not the result of a police-arranged identification procedure *(see, People v Whisby,* 48 NY2d 834; *People v Harris,* 171 AD2d 882; *People v Webster,* 169 AD2d 796; *People v Boyd,* 161 AD2d 719, 720; *People v Rios,* 156 AD2d 397). The second showup, made shortly thereafter, was merely confirmatory since the complainant had already spontaneously identified the defendant as the perpetrator *(see, People v Johnson,* 169 AD2d 779; *People v Griffin,* 161 AD2d 799; *People v Brown,* 161 AD2d 721; *People v Jackson,* 159 AD2d 640).

The trial court's *Sandoval* ruling, permitting the prosecutor to cross-examine the defendant concerning his prior convictions for assault, criminal trespass, and attempted grand larceny, as well as two pending criminal trespass indictments, was, in all respects, proper. These offenses were relevant to the defendant's credibility as a witness and his willingness to place his interests above those of society *(see, People v Sandoval,* 34 NY2d 371, 377).

We find the defendant's remaining contention to be without merit. Thompson, J. P., Brown, Eiber and O'Brien, JJ., concur.