■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADA HARVEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered August 11, 1989, convicting her of criminal possession of a controlled substance in the third degree (two counts), and criminal use of drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the evidence adduced at the trial, viewed in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), was legally sufficient to establish the defendant's knowing possession of the cocaine in question beyond a reasonable doubt *(see,* Penal Law § 220.25 [2]). The evidence demonstrated that when the police entered the curtained-off room where the defendant and her codefendants were found, the table around which they sat held a triple-beam scale with cocaine on it, as well as plastic bags and vials, some of which had been filled with the drug. This evidence established the defendant's close proximity to drugs and related packaging paraphernalia open to view in a room other than a public place, such that the defendant is presumed by statute to have knowingly possessed them *(see,* Penal Law § 220.25 [2]; *People v Riddick,* 159 AD2d 596; *People v Alexander,* 152 AD2d 587). Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]; *People v Torres,* 158 AD2d 730, 731).

The trial court did not improvidently exercise its discretion in its *Sandoval* ruling permitting the People to inquire into whether or not the defendant had ever been convicted of a felony *(see, People v Aguilera,* 156 AD2d 698, 699). By not permitting inquiry into the facts of the defendant's prior drug sale conviction, unless the defendant chose to deny the fact of her prior felony, the court struck a fair balance between avoiding prejudice to the defendant while permitting the People to test the defendant's credibility *(see, People v Garvey,* 115 AD2d 618).

Having failed to alert the trial court in a timely manner of her contention that the undercover police officer was knowledgeable about a material issue in the case, the defendant

waived her claim that the court should have delivered a missing witness charge with regard to this individual.

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.