■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARION STEPHENS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered August 11, 1989, convicting him of criminal possession of a controlled substance in the third degree (two counts), and criminal use of drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to support the conclusion, beyond a reasonable doubt, that the defendant knowingly possessed the cocaine in question *(see,* Penal Law § 220.25 [2]). The evidence demonstrated that when the police entered the curtained-off room where the defendant and his codefendants were found, the table around which they sat held a triple-beam scale with cocaine on it, as well as plastic bags and vials, some of which had been filled with the drug. In addition, more of the drug was located on a bookshelf near the defendant, as was a gym bag containing packaged cocaine and a bowl containing more vials. This evidence established the defendant's close proximity to drugs and related packaging paraphernalia open to view in a room other than a public place, such that the defendant is presumed by statute to have knowingly possessed them *(see,* Penal Law § 220.25 [2]; *People v Harvey,* 174 AD2d 754 [decided herewith]; *People v Riddick,* 159 AD2d 596; *People v Alexan-*

*der,* 152 AD2d 587). Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]; *People v Torres,* 158 AD2d 730, 731).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Thompson, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.