THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRESTON J. RAVENELL, Appellant.

In this prosecution under Indictment No. 3345/88 for a knife-point robbery, the hearing court properly denied suppression of a station house showup identification of the defendant. The complainant identified the defendant as his assailant when he spotted the defendant in the vicinity minutes after the crime. Thereafter, the complainant spontaneously identified the defendant at the precinct station house. This second identification was not arranged by the police (see, People v Diaz, 146 AD2d 797). In any event, it was merely confirmatory since the complainant had already identified the defendant as one of the robbers (People v Harris, 171 AD2d 882; People v Griffin, 161 AD2d 799, 801; People v Knight, 156 AD2d 588).

Also with regard to Indictment No. 3345/88, we find that the defendant effectively waived his right to be present for part of the cross-examination of one of the People's witnesses when he refused to leave his cell and return to the courtroom after a recess (see, People v Epps, 37 NY2d 343, 350, cert denied 423 US 999; People v Rios, 126 AD2d 860). The defendant was given a number of opportunities to return to the courtroom yet he refused to do so, claiming that he was tired.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Harwood, Lawrence and O'Brien, JJ., concur.