■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ANDREWS, Appellant.—Appeal by the defendant from

a judgment of the Supreme Court, Kings County (Slavin, J.), rendered June 1, 1989, convicting him of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was found in an apartment just a few feet outside a room containing more than two ounces of cocaine in plain view. Also present in the room were a triple beam scale, numerous empty vials, and plastic envelopes.

The trial court was correct in charging the statutory presumption of knowing possession pursuant to Penal Law § 220.25 (2), as the defendant was in close proximity to the cocaine and there was sufficient evidence that the substance was being prepared for packaging (see, People v Daniels, 37 NY2d 624; People v Stephens, 174 AD2d 768; People v Riddick, 159 AD2d 596; People v Garcia, 156 AD2d 710, 711; People v Alexander, 152 AD2d 587, 588). Applying this presumption of possession, which was not rebutted, we find that the evidence was legally sufficient to exclude to a moral certainty every hypothesis but that of the defendant's guilt (see, People v Giuliano, 65 NY2d 766; People v Harvey, 163 AD2d 532, 533; People v Alexander, supra; People v James, 151 AD2d 606, 607). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80).

We have examined the defendant's remaining contentions and find that they are unpreserved for appellate review (see, CPL 470.05 [2]). In any event, the defendant's remaining contentions are either without merit, or, to the extent that any error did exist, are harmless in light of the overwhelming evidence of the defendant's guilt (see, People v Crimmins, 36 NY2d 230). Mangano, P. J., Miller, O'Brien and Santucci, JJ., concur.