■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL CAROLINA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered May 8, 1989, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Douglass, J.), and after a reopened hearing during trial (Brill, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

A witness's identification of the defendant at the time of his arrest four days after the robbery was spontaneous and not the result of any police procedure (see, People v Whisby, 48 NY2d 834; People v Byrd, 173 AD2d 549; People v Griffin, 161 AD2d 799, 800-801). The hearing and trial courts properly denied suppression of this witness's identification testimony.

The lineup identification testimony, however, was improperly admitted. Prominent in the description of the defendant

was his distinctive flattop haircut, and it was error to conduct a lineup where he alone wore his hair in this style *(see, People v Moore,* 143 AD2d 1056; *cf., People v Simmons,* 158 AD2d 950 [distinctive hairstyle did not figure prominently in witness's description]). The suggestiveness could easily have been eliminated by providing the participants with headgear *(see, People v Meatley,* 162 AD2d 721). In view of the other, untainted identification testimony by two eyewitnesses, however, this error was harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230, 241-242).

We have considered the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.