■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY SANFORD, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Joy, J.), rendered March 28, 1990, convicting him of robbery in the third degree under Indictment No. 3432/89, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, also rendered March 28, 1990, convicting him of robbery in the first degree under Indictment No. 3465/89, upon his plea of guilty, and imposing sentence. The appeal from the judgment rendered under Indictment No. 3432/89 brings up for review the denial, after a hearing (Beerman, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgments are affirmed.

The complaining witness testified that on June 28, 1989, at approximately 10:45 P.M., as she was returning from a prayer meeting to her home in Queens, she encountered a man who appeared to be tying his sneakers. The two engaged in a brief conversation, during which the man requested directions to Francis Lewis Boulevard. At the conclusion of this conversation, as the witness turned to proceed into her house, the man put his hand on his belt, asserted that he had a gun, told her not to scream, and then stole her purse.

On July 4, 1989, the victim's son saw a man who matched the description which his mother had given of her assailant. The victim first observed the man, at her son's request, through the window of her home. Her son then drove with her, in their car, alongside the suspect, as he continued to walk along 197th Street. From this vantage point, the victim identified the man as the person who had taken her purse.

The victim's son, who had meanwhile been joined by other friends and relatives of the victim, chased the suspect. At approximately 3:50 P.M., two police officers, responding to a radio transmission, went to the vicinity of 117-17 196th Street. By the time of their arrival, the suspected purse snatcher had already been apprehended by the victim's friends and relatives. The victim identified the man at the scene of the arrest and, later, identified him again at the police precinct.

At the trial, the victim identified the defendant as the man who had robbed her. She also testified as to the identification which she made in the presence of the two officers at the scene of the arrest, and as to the later station-house identification. On appeal, the defendant argues, *inter alia,* that the victim's testimony as to all of these identifications should have been suppressed, and he asserts that, because the victim did not herself testify at the pretrial *Wade* hearing, any "taint" that might be attributable to the extra-judicial identifications must result in suppression of the in-court identification as well. We disagree.

The defendant was initially apprehended by private citizens acting upon the victim's identification of the defendant to them. The arrival of the police on the scene minutes later did not transform what had been a privately-sponsored identification procedure into a police-sponsored one. The court was, therefore, correct in denying that branch of the defendant's motion which was related to this initial identification *(see, People v Whisby,* 48 NY2d 834; *People v Byrd,* 173 AD2d 549; *People v Harris,* 171 AD2d 882; *People v Webster,* 169 AD2d

796; *People v Boyd,* 161 AD2d 719, 720; *People v Rios,* 156 AD2d 397; *People v Morales,* 113 AD2d 956). Also, "[t]he second showup, which subsequently took place at the station house, was * * * merely confirmatory since the complainant had already spontaneously identified the defendant" as the robber *(People v Harris, supra,* at 883; *see also, People v Johnson,* 169 AD2d 779; *People v Griffin,* 161 AD2d 799; *People v Jackson,* 159 AD2d 640).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Sullivan and Santucci, JJ., concur.