■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO RODRIGUEZ, Appellant. [599 NYS2d 46] —Appeal by the defendant from a judgment of the Supreme Court, Kings

County (Aiello, J.), rendered February 15, 1989, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the second degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Since the pretrial encounter between one of the police officers and the defendant was not a police arranged confrontation but rather a mere happenstance unoccasioned by law enforcement officials, suppression of the officer's identification testimony was properly denied (see, People v Logan, 25 NY2d 184, 193, cert denied 369 US 1020; People v Boyd, 161 AD2d 719; People v Decker, 134 AD2d 511; People v Bookhart, 117 AD2d 739).

Under the circumstances of this case, we find that the trial court was correct in applying the statutory presumption of possession pursuant to Penal Law § 220.25 (2) as the jury could reasonably conclude that the defendant, who was apprehended in the living room, was in close proximity to the narcotics found in open view in the bedroom and that the narcotics were being packaged for future distribution (see, People v Riddick, 159 AD2d 596; People v Garcia, 156 AD2d 710; People v Alexander, 152 AD2d 587; People v Shakes, 150 AD2d 401).

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.