■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR REUBEN, Appellant. [626 NYS2d 251] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered July 22, 1992, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On the evening of July 11, 1990, the defendant shot and killed the 17-year-old victim in the lobby of a Brooklyn apartment building. An eyewitness to the shooting was standing just inside the entrance to the building. In addition, the victim's girlfriend, who was seated in a car that was parked in front of the building, heard the gunshot and saw the defendant flee. Police Officer Frank Mastretta also heard the gunshot and saw the defendant leave the building with a gun in his hand. Although Mastretta and his partner pursued the defendant, they lost sight of him and were unable to apprehend him.

Shortly after the shooting, the eyewitness identified the defendant's picture from a photographic array, and the defendant was subsequently arrested on August 8, 1990. On the following day, both the eyewitness and the victim's girlfriend identified the defendant at separate lineup proceedings. Prior to trial, the Supreme Court conducted a combined *Wade* and *Huntley* hearing at which the arresting detective gave detailed testimony about the manner in which the lineup proceedings had been conducted. Although the detective's hearing testimony indicates that both the eyewitness and the victim's girlfriend were acquainted with the defendant prior to the shooting, at the close of the detective's testimony, the prosecutor moved to call them as witnesses to establish the length of time that they had known the defendant. However, with the consent of defense counsel, the prosecutor read into the record the portions of their Grand Jury testimony that indicated that the eyewitness had known the defendant for two or three years prior to the shooting and that the victim's girlfriend had known the defendant for about four years prior to

the shooting. At the conclusion of the suppression hearing, defense counsel stated, "I have no argument with regard to the *Wade* or the photographic array."

On appeal, the defendant contends for the first time that the hearing court erred by failing to suppress testimony concerning the lineup identifications made by the eyewitness and the victim's girlfriend because the lineup proceedings were conducted in violation of his right to counsel *(see, People v Samuels,* 49 NY2d 218). Although the People concede that the defendant was entitled to counsel at the lineup proceedings and that the lineup identifications should have been suppressed, they contend that the erroneous admission at the trial of testimony concerning the lineup identifications was harmless error. We agree.

At the hearing, the defendant expressly consented to the admission of the Grand Jury testimony to establish the eyewitness's and the girlfriend's prior familiarity with him. Indeed, defense counsel conceded that he had no argument with respect to the *Wade* aspect of the suppression hearing. Contrary to the defendant's contention, under these circumstances, the hearing record clearly demonstrates that the lineup identifications were confirmatory. Thus, there was no need for an inquiry to ascertain whether the eyewitness and the victim's girlfriend had an independent source for their in-court identifications of the defendant *(see, People v Bolden,* 197 AD2d 528, 529; *cf., People v Rodriguez,* 79 NY2d 445). Accordingly, the in-court identifications of the defendant by the eyewitness and the victim's girlfriend were properly admitted into evidence. Moreover, in light of the overwhelming evidence of the defendant's guilt, which also includes the strong identification testimony of Officer Mastretta, we find that the erroneous admission at the trial of testimony concerning the lineup identifications was harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230, 237; *see also, People v Harris,* 80 NY2d 796; *People v Thomas,* 200 AD2d 642; *People v Di Girolamo,* 197 AD2d 531).

Viewing the representation afforded to the defendant in light of the evidence, the law, and the circumstances of this case, we find that the defendant received meaningful assistance from his trial counsel *(see, People v Baldi,* 54 NY2d 137, 147). Miller, J. P., O'Brien, Krausman and Florio, JJ., concur.