THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONTIS BRINSON, Appellant. [835 NYS2d 313]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered December 6, 2005, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (McKay, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Assuming that the pretrial identification of the defendant by one of the complaining witnesses resulted from a police-arranged identification procedure (*but see People v Rodriguez,* 194 AD2d 634 [1993]; *People v Boyd,* 161 AD2d 719 [1990]), the prosecution sustained its initial burden of demonstrating that the procedure was both reasonable and not unduly suggestive by presenting testimony that the witness came upon the scene and identified the defendant while he was being escorted to a patrol car just a few blocks away from the crime scene and only several minutes after the crime occurred (*see People v Duuvon,* 77 NY2d 541 [1991]; *People v Gilyard,* 32 AD3d 1046 [2006]; *People v Charles,* 31 AD3d 657 [2006]; *People v Loo,* 14 AD3d 716 [2005]; *cf. People v Ortiz,* 90 NY2d 533 [1997]). Inasmuch as no contrary evidence was submitted, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the identification testimony.

In any event, even if the identification testimony had been erroneously admitted, the error would be harmless beyond a reasonable doubt in view of the overwhelming evidence of the defendant's guilt (*see People v Reuben,* 215 AD2d 508 [1995]; *see*

*generally People v Crimmins*, 36 NY2d 230 [1975]). Schmidt, J.P., Mastro, Carni and Dickerson, JJ., concur.