■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE STARKS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Finnegan, J.), rendered March 19, 1986, convicting him of rape in the first degree, sodomy in the first degree, robbery in the first degree, sexual abuse in the first degree (two counts), assault in the second degree (two counts), and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred in determining that he executed a voluntary and intelligent waiver of his constitutional rights prior to making any statements. We disagree. The court's findings that the defendant was given *Miranda* warnings *(see, Miranda v Arizona,* 384 US 436) and voluntarily chose to waive them are amply supported by the record. Furthermore, the fact that approximately 9½ hours elapsed between the point at which the defendant was advised of and waived his rights and his admission does not render the interrogation inherently coercive. "It is well settled that where a person in police custody has been issued *Miranda* warnings and voluntarily and intelligently waives those rights, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous" *(People v Glinsman,* 107 AD2d 710, *cert denied* 472 US 1021; *People v Crosby,* 91 AD2d 20, 29, *lv denied* 58 NY2d 974).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.