■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES KRANZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered June 12, 1990, convicting him of burglary in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of 7½ to 15 years imprisonment. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence to an indeterminate term of 5 to 10 years imprisonment; as so modified, the judgment is affirmed.

We disagree with the defendant's contention that the statements he made to a detective should have been suppressed. The defendant made the statements after he had been advised of his rights pursuant to *Miranda v Arizona* (384 US 436), and after he had knowingly, intelligently, and voluntarily waived those rights. The detective who interviewed him testified that although the defendant's injured arm was "heavily bandaged", he appeared otherwise to be in good physical condition. The defendant did not indicate to the detective that he was under the influence of medication, or that he was having pains in

the arm. Thus, the record belies any claims that his will was "so overborne by [his] claimed physical and emotional impairment as to render [his] statements involuntary" *(People v Bell,* 131 AD2d 859, 861, citing *People v Adams,* 26 NY2d 129, *cert denied* 399 US 931).

We find that the sentence was excessive to the extent indicated.

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or meritless. Sullivan, J. P., Eiber, O'Brien and Ritter, JJ., concur.