■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN JOHNSON, Appellant. [618 NYS2d 460] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Patterson, J.), rendered October 14, 1992, convicting him of criminal possession of a weapon in the second degree,

upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Demarest, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to law enforcement officials and the identification testimony of the complainant.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the police had sufficient grounds to detain and then arrest the defendant. Any inquiry into the propriety of police conduct involves a weighing of the degree of intrusion it entails against the precipitating and attending circumstances *(see, People v De Bour,* 40 NY2d 210, 223). It is settled that where a police officer has reasonable suspicion that a particular person was involved in a felony or misdemeanor, the officer is authorized to forcibly stop and detain that person *(see, People v De Bour, supra,* at 223).

Here, the defendant jumped out of a first floor window while carrying a gun at a time when the police officers had first-hand knowledge that two black males were committing an alleged robbery in a first floor apartment. The complaining witness appeared on the scene seconds later and spontaneously identified the defendant as one of the two individuals who had robbed him a few minutes earlier. Clearly, under the circumstances, there was probable cause for the defendant's arrest *(see, People v James,* 194 AD2d 558; *People v Webster,* 169 AD2d 796). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his in-custody statement to the police as well as the complainant's identification testimony.

Moreover, the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Balletta, Rosenblatt and Florio, JJ., concur.