■ The People of the State of New York, Respondent, v Shariff Starr, Appellant. [634 NYS2d 132] —Appeal by the defendant from a judgment of the Supreme Court, Kings County

(Demarest, J.), rendered March 1, 1994, convicting him of criminal trespass in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the police had probable cause to arrest the defendant. Probable cause requires the existence of facts and circumstances which, when viewed in their totality, would lead a reasonable person possessing the same expertise as the arresting officer to conclude that an offense or crime has been or is being committed and that the person to be arrested is the perpetrator (see, People v Fernandez, 185 AD2d 944; People v De Bour, 40 NY2d 210). One of several police officers who responded to a radio report of a burglary in progress observed the defendant exit a sixth-floor window onto a fire escape and proceed up to the roof. Minutes later, after the defendant was detained by fellow police officers, both the officer who had observed the defendant flee to the roof and a complaining witness from another apartment who had confronted and struggled with the defendant in his apartment identified the defendant as the culprit they had separately seen. The eyewitness victim of a crime can provide probable cause for the arrest of the perpetrator of a crime against him (see, People v Griffin, 161 AD2d 799, 800). We conclude that under these circumstances, there existed probable cause to arrest the defendant. Accordingly, the hearing court properly denied the branch of the defendant's omnibus motion which was to suppress the identification testimony of the witness and the police officer, since they were not the fruits of an illegal arrest (see, People v De Bour, supra, at 223; People v Johnson, 209 AD2d 434, 435). We note, with reference to the defendant being detained by police officers other than the officer who saw him exit a sixth-floor window, that this Court has adopted a circumscribed version of the "fellow officer" rule which permits the imputation of knowledge from one officer to another, among officers working in a joint assignment despite the lack of an express communication of information or direction to take action (see, People v Gittens, 211 AD2d 242).

"It is well settled that ' "one-on-one confrontations which occur in close spatial and temporal proximity to the crime are indicative of good police work aimed at apprehending the perpetrator and releasing innocent suspects as soon as possible, as the witness's memory is most fresh at that time" ' " (People v Mitchell, 185 AD2d 249, 250). We conclude that here

the identification by both the police officer and the witness in front of the witness's apartment building a few minutes after having observed the defendant was proper in all respects and, contrary to the defendant's contentions, not unduly suggestive *(see, People v Duuvon,* 77 NY2d 541, 543).

Finally, the police officer's identification of the defendant was merely confirmatory in nature and therefore not within the scope of pretrial identifications necessitating notice pursuant to CPL 710.30 *(see, People v Williams,* 191 AD2d 527, 528; *see, People v Roberts,* 79 NY2d 964; *People v Jackson,* 167 AD2d 420, 421). Sullivan, J. P. Thompson, Hart and Goldstein, JJ., concur.