■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v CHUNG YEE CHOI, Appellant. [637 NYS2d 725] —Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered February 8, 1994, convicting defendant, after a jury trial, of two counts of grand larceny in the second degree, two counts of attempted grand larceny in the second degree, one count of grand larceny in the third degree, one count of conspiracy in the fourth degree and two counts of criminal possession of a weapon in the fourth degree, and sentencing him to concurrent prison terms of 5 to 15 years on the second-degree grand larceny convictions, $2^1/_3$ to 7 years on the attempted second-degree grand larceny convictions and the third-degree grand larceny conviction, $1^1/_3$ to 4 years on the fourth-degree conspiracy conviction, and 1 year on the fourth-degree weapon convictions, unanimously affirmed.

Defendant adopts the arguments made by his codefendant that led to the trial court's setting aside the verdict against the codefendant, from which order an appeal by the People is pending in this Court. Defendant, however, did not preserve any of the arguments by specifically raising them himself before the trial court (*see, People v Gray*, 86 NY2d 10, 20), and we decline to review them in the interest of justice. Were we to review them, without passing upon the validity of the trial court's rationale in setting aside the verdict against the codefendant, we would find that rationale inapplicable to the facts of defendant's case.

Although "a defendant is entitled to be present at sidebar

conferences with prospective jurors concerning their backgrounds and ability to weigh the evidence objectively" (*People v Cooper*, 220 AD2d 234), reversal is unwarranted where, as here, defendant's absence was limited to a sidebar concerning a potential juror who was never empaneled (*People v Starks*, 216 AD2d 120, 120-121, *lv granted* 86 NY2d 847). Moreover, this prospective juror was obviously unacceptable to the defense, and it is inconceivable that defendant's presence at the sidebar could have made any difference. The court acted within its discretion as to all matters relating to the use of a temporary interpreter for an uncommon Chinese dialect (*see, People v Nedal*, 198 AD2d 42). Defendant's claims based upon Judiciary Law § 387 are unpreserved and unsupported by the record. We perceive no abuse of sentencing discretion. Concur—Wallach, J. P., Nardelli, Williams and Mazzarelli, JJ.