In the Matter of SHAHEEM F., a Person Alleged to be a Juvenile Delinquent, Appellant. CORPORATION COUNSEL OF CITY

OF NEW YORK, Respondent. [644 NYS2d 800] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Richmond County (Clark, J.), dated May 17, 1994, which, upon a fact-finding order of the same court, dated April 8, 1994, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of up to 18 months. The notice of appeal from the fact-finding order dated April 8, 1994, is deemed a premature notice of appeal from the order of disposition dated May 17, 1994 (see, CPLR 5520 [c]). The appeal brings up for review the fact-finding order dated April 8, 1994, and the denial of the appellant's motion to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court properly denied the appellant's suppression motion as the presentment agency established that the police had probable cause to arrest him. A police officer observed the appellant hand small glassine envelopes to another juvenile, who handed glassine envelopes to a third person in exchange for currency (see, People v Cummings, 184 AD2d 574).

The appellant contends that the court improperly admitted into evidence narcotics and currency recovered at the scene of his arrest because the agency failed to establish a chain of custody. However, the appellant and an accomplice were arrested on a stairwell about two feet apart, and each of them dropped a plastic bag containing glassine envelopes which were recovered by Officer Corcoran, the arresting officer. Officer Corcoran also recovered currency from the appellant's person. Officer Corcoran handed the plastic bags to Officer Kartelias at the scene and told him which one of the plastic bags had been dropped by the appellant. Officer Corcoran also told Officer Kartelias that the currency had been recovered from the appellant. Officer Kartelias kept each plastic bag in a separate pocket, and he observed that there were only a "few" glassine envelopes in the bag recovered from the accomplice. Officer Kartelias testified that there were 46 envelopes in the bag Officer Corcoran recovered from the appellant and eight envelopes in the bag recovered from his accomplice. At the police station, Officer Kartelias vouchered the currency and plastic bag recovered from the appellant separately from the bag

recovered from his accomplice. The police chemist analyzed the contents of a total of 48 envelopes of cocaine which were vouchered by Officer Kartelias under the appellant's name. At the fact-finding hearing, Kartelias identified the currency as well as the items analyzed by the chemist as those he had vouchered under the appellant's name.

We conclude that the testimony of the police officers who handled the evidence and the forensic chemist who tested the narcotics provided reasonable assurance of the identity and unchanged condition of the items recovered from the appellant (*see, People v Julian,* 41 NY2d 340; *People v Isaac,* 222 AD2d 553; *People v Martin,* 203 AD2d 592). The appellant contends that there was a gap in the chain of custody because Officer Corcoran testified that he did not count the items he recovered from the appellant, and he did not identify the items at the fact-finding hearing. In view of the evidence that Officer Corcoran told Officer Kartelias at the scene of the crime which items were taken from the appellant, that the plastic bags were easily distinguished by their contents, and that Kartelias kept the two bags separated, we conclude that the absence of testimony by Officer Corcoran at the fact-finding hearing identifying the items he recovered from the appellant only related to the weight to be accorded such evidence, not its admissibility *(see, People v Julian, supra; People v Isaac, supra).*

Viewing the evidence in the light most favorable to the presentment agency (*cf., People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we find that the Family Court's determination was not against the weight of the evidence (*cf.,* CPL 470.15 [5]). Miller, J. P., O'Brien, Goldstein and McGinity, JJ., concur.