■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD RAMIREZ, Appellant. [651 NYS2d 109] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garry, J.), rendered November 21, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to supress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the People established that the police possessed probable cause for his arrest. Probable cause exists when a police officer has knowledge of facts and circumstances "sufficient to support a reasonable belief that an offense has been or is being committed" *(People v Bigelow,* 66 NY2d 417, 423; *see also, People v Starr,* 221 AD2d 488).* Moreover, under the "fellow officer" rule, "even if an arresting officer lacks personal knowledge sufficient to establish probable cause, the arrest will be lawful if the officer 'acts upon the direction of or as a result of communication with a superior or [fellow] officer * * * provided that the police as a whole were in possession of information sufficient to constitute probable cause to make the arrest' " *(People v Ramirez-Portoreal,* 88 NY2d 99, 113, quoting *People v Horowitz,* 21 NY2d 55, 60). Here, the arresting officer acted on the basis of a radio transmission from an undercover officer who had minutes earlier purchased narcotics from the defendant and another individual. Since the evidence demonstrated that the undercover officer personally witnessed the illegal narcotics transaction, the People's proof, if credited, was sufficient to establish probable cause for the defendant's arrest *(see, People v Washington,* 87 NY2d 945, 946-947; *People v Petralia,* 62 NY2d 47, 51-52). Accordingly, under the circumstances of this case, the arrest of the defendant was lawful and thus the hearing court properly denied suppression of the money *(see, People v Starr, supra; People v Pegram,* 203 AD2d 391).

The defendant's remaining contention does not warrant reversal *(see, People v Moran,* 123 AD2d 646). Miller, J. P., Ritter, Pizzuto and Santucci, JJ., concur.