■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DAVIS, Appellant. [655 NYS2d 767] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered February 10, 1995, convicting him of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the property seized from his person should have been suppressed as the fruit of an unlawful arrest. Under the fellow officer rule, "even if an arresting officer lacks personal knowledge sufficient to establish probable cause, the arrest will be lawful if the officer 'acts upon the direction of or as a result of communication with a superior or [fellow] officer * * * provided that the police as a whole were in possession of information sufficient to constitute probable cause to make the arrest' " (*People v Ramirez-Portoreal*, 88 NY2d 99, 113, quoting *People v Horowitz*, 21 NY2d 55, 60). In the case at bar, the hearing record established that the arresting officer acted on the basis of a detailed radio transmission from the undercover officer who had minutes earlier purchased narcotics from the defendant and another individual. Since the evidence demonstrated that the undercover officer personally witnessed the illegal narcotics transaction, the arresting officer was justified in relying on

the undercover officer's observations (*see, People v Washington*, 87 NY2d 945, 946-947; *People v Petralia*, 62 NY2d 47, 51-52, *cert denied* 469 US 852; *People v Ramirez*, 234 AD2d 398). Accordingly, under the circumstances of this case, the arrest of the defendant was lawful and the hearing court properly declined to suppress the evidence seized (*see, People v Starr*, 221 AD2d 488; *People v Pegram*, 203 AD2d 391).

The defendant's contention that the evidence was legally insufficient to establish his guilt of the crimes charged beyond a reasonable doubt is unpreserved for appellate review (*see*, CPL 470.05 [2]; *People v Udzinski*, 146 AD2d 245). In any event, this contention lacks merit. Viewing the evidence adduced at trial in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People. v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are without merit. Ritter, J. P., Pizzuto, Altman and Krausman, JJ., concur.