■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK SIMS, Appellant. [735 NYS2d 195] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered July 26, 1999, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Probable cause to arrest exists where there are "facts and circumstances which, when viewed as a whole, would lead a reasonable person possessing the same expertise as the arresting officer to conclude that an offense has been or is being committed and that the defendant committed or is committing that offense" (*People v Brown,* 256 AD2d 414, 415). In the instant case, probable cause to arrest was established when an undercover police officer overheard a conversation between the defendant and another individual on the street which reasonably led him to believe that the defendant was committing an offense at that time, namely, unlawful possession of marihuana (*see,* CPL 140.10 [1] [a]). Under the fellow officer rule (*see, People v Gittens,* 211 AD2d 242, 244), the arresting officer had probable cause to arrest the defendant since he fit the description that the undercover officer provided and since the undercover officer had probable cause to arrest him.

It is irrelevant that the search preceded the arrest since the arrest occurred immediately after the arresting officer located the gun in the defendant's waistband while conducting a lawful search (*see, People v Evans,* 43 NY2d 160, 166). Accordingly, the court correctly denied suppression of the physical evidence. H. Miller, J. P., Townes, Crane and Cozier, JJ., concur.