■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESMOND GRANDSOULT, Appellant. [742 NYS2d 917] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered January 28, 2000, convicting him of burglary in the second degree, criminal mischief in

the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rosengarten, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress the physical evidence taken from his person, i.e., a screwdriver. The police officers had probable cause to arrest the defendant based upon the information contained in a radio transmission and their own observations, which included witnessing the defendant entering the rear window of the home which was being burglarized, and the defendant's subsequent flight from the scene (*see People v McDonald,* 285 AD2d 615; *People v Allen,* 278 AD2d 331; *People v Starr,* 221 AD2d 488). In that regard, under the circumstances of this case, the knowledge possessed by each officer is imputed to the other (*see People v Ramirez-Portoreal,* 88 NY2d 99; *People v Starr, supra; People v Gittens,* 211 AD2d 242). The screwdriver was properly taken from the defendant because it was seized during a patdown search following the establishment of probable cause for the defendant's arrest (*see People v Mack,* 26 NY2d 311, *cert denied* 400 US 960).

The respective testimonies of the police officers who handled the screwdriver which was recovered from the defendant's pocket provided reasonable assurance of the object's identity and unchanged condition (*see People v Julian,* 41 NY2d 340). Thus, the absence of testimony by one of the officers concerning any particular identifying marks on the screwdriver related only to the weight accorded such evidence, not its admissibility (*see People v Julian, supra; cf. Matter of Shaheem F.,* 229 AD2d 436).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*

CPL 470.15 [5]). Smith, J.P., O'Brien, McGinity and Townes, JJ., concur.