■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUNIL PRAHALAD, Appellant. [743 NYS2d 512] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered February 2, 2000, convicting him of burglary in the second degree, criminal mischief in the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to prove his guilt by legally sufficient evidence because the arresting police officer's testimony was incredible as a matter of law is unpreserved for appellate review. The defendant did not specifically raise this issue before the trial court, and he cannot rely on the argument made by his codefendant at trial (*see People v Gray,* 86 NY2d 10, 20; *People v Buckley,* 75 NY2d 843, 846; *People v Ross,* 262 AD2d 429; *People v Chung Yee Choi,* 224 AD2d 271). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The police had a reasonable suspicion that a burglary was taking place when they arrived at the scene based upon information which had been communicated to them. One of the police witnesses testified that he observed the defendant exit the house from a side window and apprehended him after a brief foot chase. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt

was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Grandsoult,* 295 AD2d 362 [decided herewith]). Smith, J.P., O'Brien, McGinity and Townes, JJ., concur.