■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC GONZALEZ, Appellant. [774 NYS2d 739]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered September 24, 2001, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and certain evidence seized as a result thereof.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to establish his guilt of the crimes of robbery in the first degree and robbery in the second degree. However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported

by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Contrary to the defendant's contention, the police were not required to readminister *Miranda* warnings (*see Miranda v Arizona,* 384 US 436 [1966]) $11\frac{1}{2}$ hours after first questioning him, as he remained in continuous custody and voluntarily waived his rights. When a person in continuous police custody receives *Miranda* warnings and voluntarily waives his rights, it is not necessary to repeat the warnings before later questioning within a reasonable time thereafter (*see People v Santalis,* 302 AD2d 614 [2003]; *People v Holland,* 268 AD2d 536 [2000]).

We find no error in the County Court's decision to deny the defendant youthful offender status (*see People v Jhang,* 302 AD2d 606 [2003]; *People v Fields,* 287 AD2d 577, 578 [2001]). The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). S. Miller, J.P., Luciano, Adams and Townes, JJ., concur.