■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON LEE, Appellant. [816 NYS2d 618]—

Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered January 7, 2004, upon a verdict convicting defendant of the crimes of burglary in the second degree and petit larceny.

Defendant was charged by a two-count indictment with the crimes of burglary in the second degree and petit larceny based on allegations that he forcibly entered a City of Albany residence and stole various items of property. Found guilty as charged following a jury trial and sentenced as a predicate felon to 15 years in prison with five years of postrelease supervision, defendant appeals and we now affirm.

Defendant argues that his oral and written statements to police should have been suppressed because, among other reasons, he was only given *Miranda* warnings once before orally confessing several hours later and because he confessed after being in police custody all night such that "sleep deprivation undermined [his] will to resist." He also claims that the in-court identification of him by a particular witness should not have been permitted because it was tainted by an unduly suggestive photographic array. Upon our review of the testimony adduced by the sole witness at a combined *Huntley/Wade* hearing, we are unpersuaded by both arguments.

Testimony at the hearing established that an Albany Police Department detective located some of the victim's stolen property in a local pawnshop shortly after the burglary. Two "pawn slip[s]" signed by the seller bore defendant's name. In an effort to confirm that the person who signed these slips was in fact defendant, a photographic array was prepared and shown to the pawnshop owner. According to the detective, the owner selected defendant's photograph as the person who sold the subject property to him during two separate, face-to-face transactions.

The detective further related that defendant was ultimately located and taken into custody one evening, at which time he was given *Miranda* warnings and elected to proceed with questioning. The initial interview lasted 90 minutes during which time defendant readily admitted that he twice sold property to the subject pawnshop, but claimed that he acquired the items from someone else. The questioning of defendant then stopped to permit the detective to continue his investigation based on information provided by defendant.

About seven hours later, defendant, who remained alone and shackled in a police interrogation room, was confronted with additional pieces of evidence connecting him to the crime. Defendant then orally confessed. This confession was reduced to writing and signed by defendant. Before signing the confession, he was again advised of his *Miranda* rights at which time he acknowledged that he was "still aware of [them]." According to the detective, defendant was not pressured or coerced into speaking with him nor indicated at any time that he wanted the questioning to stop.

Considering the totality of these circumstances (*see People v Anderson*, 42 NY2d 35, 37 [1977]), we find that his statements were voluntary despite the passage of time between the administration of *Miranda* warnings, which he knowingly and voluntarily waived, and his oral confession (*see People v Hasty*, 25 AD3d 740, 741 [2006], *lv denied* 6 NY3d 834 [2006]; *People v Gonzalez*, 5 AD3d 696, 697 [2004], *lv denied* 3 NY3d 640 [2004]; *People v Cody*, 260 AD2d 718, 720 [1999], *lv denied* 93 NY2d 1002 [1999]; *People v Lang*, 226 AD2d 245 [1996], *lv denied* 88 NY2d 967 [1996]; *People v Baker*, 208 AD2d 758, 758-759 [1994], *lv denied* 85 NY2d 905 [1995]; *People v Starks*, 139 AD2d 681, 682 [1988], *lv denied* 72 NY2d 925 [1988]). During the time that defendant remained in police custody while the interviewing detective continued his investigation, no additional questioning took place and he admitted prior to signing his written statement that he "still" understood his *Miranda* rights. Moreover, he was provided with food and something to drink, and there is absolutely no indication that he was sleep deprived or that his will was somehow overborne by any factor including, for example, exhaustion due to loss of sleep (*see People v Johnson*, 20 AD3d 939, 940 [2005], *lv denied* 5 NY3d 853 [2005]; *People v Jackson*, 178 AD2d 851, 852-853 [1991], *lv denied* 79 NY2d 1002 [1992]; *cf. People v Anderson, supra*).

Next, upon our review of the photo array, we are unpersuaded by defendant's contention that it was unduly suggestive because he was the only man depicted in an all white shirt. Notwithstanding this fact—although we are compelled to point out that one other man is wearing a white shirt and another is wearing a light-colored shirt—the array was anything but unduly suggestive. As often noted by this Court, " '[a] photo array is unduly suggestive if some characteristic of one picture draws the viewer's attention in such a way as to indicate that the police have made a particular selection' " (*People v Davis*, 18 AD3d 1016, 1018 [2005], *lv denied* 5 NY3d 805 [2005], quoting *People v Yousef*, 8 AD3d 820, 821 [2004], *lv denied* 3 NY3d 743 [2004]; *accord People v Deshields*, 24 AD3d 1112 [2005], *lv denied* 6 NY3d 811 [2006]). Here, each of the six men depicted in the photo array has remarkably similar facial features, particularly their skin tones, facial hair and hair styles. Moreover, nothing in defendant's photograph, including his white shirt, impermissibly draws attention to him.

Next, upon exercising our factual review power (*see People v Bleakley*, 69 NY2d 490, 495 [1987]), we are unpersuaded by the claim that the verdict was against the weight of the evidence. In addition to evidence of defendant's confessions, the pawnshop

owner identified him at trial as the person who sold property to him which was later identified by the victims as belonging to them. Nor are we persuaded that the People committed a *Batson* violation or that defendant's sentence was harsh and excessive.

Defendant's remaining contentions have been considered and found to be unpersuasive.

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.