■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORAL EASTMAN, Appellant. [821 NYS2d 263]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blackburne, J.), rendered July 9, 2003, convicting him of promoting prostitution in the second degree (five counts), promoting prostitution in the third degree (five counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant's claim that the police lacked probable cause to arrest him was preserved for appellate review. Further, we agree with the defendant that the People failed to establish probable cause for his arrest by a detective at the 75th Precinct based on the "fellow officer rule." "Under the fellow officer rule, a police officer can make a lawful arrest even without personal knowledge sufficient to establish probable cause, so long as the officer is acting upon the direction of or as a result of communication with a fellow officer . . . in possession of information sufficient to constitute probable cause for the arrest . . . Information received from another police officer is presumptively reliable . . . Where, however, an arrest is challenged by a motion to suppress, the prosecution bears the burden of establishing that the officer

imparting the information had probable cause to act" (*People v Ketcham,* 93 NY2d 416, 419-420 [1999] [internal citations and quotation marks omitted]). Here, the arresting officer was the only witness at the *Mapp* hearing (*see Mapp v Ohio,* 367 US 643 [1961]). The officer testified that after speaking with the victim, he had a physical description and several street names for the person he was seeking. However, he never testified that he arrested the defendant at the precinct because the defendant matched the description or answered to one of the street names. Rather, he testified that he arrested the defendant based on information from another detective that the appellant was the suspect without any explanation as to why the other detective held this belief. Thus, the People failed to meet their burden of establishing that the fellow officer was in possession of information sufficient to constitute probable cause for the arrest (*see People v Ketcham, supra* at 420; *People v Samuels,* 270 AD2d 779 [2000]) and, accordingly, the Supreme Court improperly admitted into evidence the condoms seized from the defendant after his unlawful arrest. However, we conclude that this error was not so prejudicial as to require a new trial and was harmless beyond a reasonable doubt in light of the overwhelming evidence of the defendant's guilt presented at trial (*see People v Stevens,* 76 NY2d 833, 836 [1990]; *People v Crimmins,* 36 NY2d 230 [1975]). Crane, J.P., Luciano, Rivera and Lunn, JJ., concur.