■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER MORALES, Appellant. [872 NYS2d 192]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered June 22, 2006, convicting him of rape in the first degree, criminal sexual act in the first degree, sexual abuse in the first degree (two counts), assault in the second degree, burglary in the first degree, robbery in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

The police received a report of a robbery in progress, which described the perpetrator as a male Hispanic, short, heavyset, and wearing a gray sweatshirt and baggy pants. Within a few minutes, and only one block from the reported crime, the police saw the defendant, who matched the description and was the only pedestrian in the vicinity, walking quickly away from the building where the crime reportedly was committed. When the police ordered the defendant to stop, he did not comply, but increased his pace. A police officer then brought the defendant to the ground and saw women's jewelry hanging out of his pocket. When an officer asked the defendant if the jewelry was his, the defendant answered that it was not and added that he did not know whose it was. The police handcuffed the defendant and brought him to the address where the crime was alleged to have been committed. The victim, about to be removed from the scene in an ambulance, identified the defendant as the perpetrator. Following a hearing, the Supreme Court denied the defendant's motion to suppress, and he was thereafter convicted

following a trial. On appeal, the defendant argues that his suppression motion should have been granted. We disagree.

The police may forcibly stop a person when they have reasonable suspicion that the person has committed or is about to commit a crime (*see People v De Bour*, 40 NY2d 210, 223 [1976]). Given that the defendant matched the description provided in the radio run of the alleged perpetrator of a robbery committed shortly before and in close proximity to the location at which the police encountered him, and that he was walking away from the scene of the crime and refused to stop, the police had reasonable suspicion to stop him (*see People v Gilyard*, 32 AD3d 1046 [2006]; *People v Green*, 10 AD3d 664 [2004]). Moreover, inasmuch as the reported crime was a robbery and, following the stop, the defendant claimed not to know who owned the women's jewelry he was carrying in his pocket, reasonable suspicion ripened into probable cause to arrest (*see People v Elmore*, 236 AD2d 851 [1997]), and the police were justified in then transporting the defendant one block to the scene of the crime for the prompt show-up identification (*see People v Brnja*, 50 NY2d 366 [1980]).

Accordingly, the Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony. Fisher, J.P., Miller, Carni and Balkin, JJ., concur.