THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY RODRIGUEZ, Appellant. [894 NYS2d 483]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Brown, J.), rendered October 31, 2006, convicting him of burglary in the first degree, robbery in the first degree (three counts), criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Sullivan, J.), of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and identification testimony.

Ordered that the judgment is affirmed.

The defendant moved, inter alia, to suppress his statements to law enforcement officials on the ground that they were the fruits of an unlawful arrest (*see Wong Sun v United States*, 371 US 471, 486-488 [1963]). The hearing court properly denied that motion. About an hour and a half after a report of three armed robbers in a private residence, the defendant was observed at a train station about a mile and a half from the residence, fitting the general description of one of the perpetrators. When the defendant pulled a shiny gray object from his clothing, the detective who arrested the defendant reasonably feared for his safety and took the protective measure of grabbing the defendant's wrist, causing him to drop two cell phones (*see People v Holmes*, 36 AD3d 714, 715-716 [2007]; *People v Johnson*, 22 AD3d 371, 372 [2005]; *People v Lynch*, 285 AD2d 518, 519 [2001]). The defendant explained that he had been at a party with a relative, whom he identified by name. The detective

learned from a fellow officer that the cell phones were proceeds of the robbery and that the name the defendant had mentioned was an alias of one of the perpetrators already in custody. In making the arrest, the detective was entitled to rely upon this additional information (*see People v Ketcham*, 93 NY2d 416, 419-420 [1999]; *People v Grandsoult*, 295 AD2d 362, 363 [2002]; *cf. People v Eastman*, 32 AD3d 965, 965-966 [2006]). Under all the circumstances, the detective had probable cause to arrest the defendant (*see People v Velez*, 59 AD3d 572, 574-575 [2009]; *People v Morales*, 58 AD3d 873, 874 [2009]; *People v Grandsoult*, 295 AD2d at 363).

The hearing court also properly rejected the defendant's argument that his inculpatory statement made to law enforcement officials was involuntary. The defendant was arrested at 9:20 P.M., and at 10:06 P.M. he was advised of, and voluntarily waived, his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]). He immediately made oral statements denying his involvement. During a second round of questioning, the defendant made an inculpatory statement, starting at 4:25 A.M., culminating in his signing of a written transcription of that statement at 5:50 A.M. Based on the totality of the circumstances (*see People v Anderson*, 42 NY2d 35 [1977]), including the duration and conditions of detention, the conduct and demeanor of the police toward the defendant, and the age, physical state, and mental state of the defendant, his post-*Miranda* statements were voluntarily made (*see People v Pegues*, 59 AD3d 570, 571-572 [2009]; *People v Lee*, 30 AD3d 760, 762 [2006]; *People v Baker*, 208 AD2d 758, 758-759 [1994]; *People v Kranz*, 180 AD2d 760, 760-761 [1992]; *cf. People v Anderson*, 42 NY2d at 38-41).

The defendant's contention that the police should have advised him of his *Miranda* rights a second time is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, contrary to the defendant's contention, under the circumstances herein, the police were not required to readminister the *Miranda* warnings prior to his statement made approximately $6^1/2$ hours after first questioning him, as he remained in continuous custody and voluntarily waived his rights (*see People v Bridges*, 63 AD3d 752 [2009], *lv denied* 13 NY3d 794; *People v Petronio*, 34 AD3d 602, 604 [2006]; *People v Gonzalez*, 5 AD3d 696, 697 [2004]).

The defendant further contends that a post-arrest photographic identification should have been suppressed on the ground that the People failed to establish an independent source for the witness's identification of him in light of the media coverage of his arrest. This contention is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the defendant

failed to adduce any evidence of undue suggestiveness in the pretrial identification procedure, and the People, accordingly, had no burden of establishing an independent source for the identification (*see People v Jackson*, 98 NY2d 555, 559 [2002]; *People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of each offense of which he was convicted beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contentions are without merit. Santucci, J.P., Balkin, Eng and Chambers, JJ., concur.