THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v J.C. McCRARY, JR., Appellant. [896 NYS2d 876]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Brown, J.), rendered January 25, 2007, convicting him of robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Calabrese, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly determined that the arresting officer had reasonable suspicion to pursue and stop him, and that the reasonable suspicion ripened into probable cause to arrest. The evidence at the suppression hearing established that the defendant matched the general description of a perpetrator of a robbery given in a radio dispatch. The evidence also established that the arresting officer spotted the defendant in an area where other police officers had seen him flee. Finally, the evidence established that the defendant had been running from the direction of the reported site of the robbery minutes after the robbery took place, refused to stop when told to do so, and, after a brief pursuit, was found hiding in a bush. Under these circumstances, the hearing court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony (see People v Morales, 58 AD3d 873, 874 [2009]; People v Gilyard, 32 AD3d 1046 [2006]; People v Johnson, 174 AD2d 694, 694-695 [1991]).

Furthermore, contrary to the contention of the defendant, the trial court did not improvidently exercise its discretion in denying his motion, made during the trial, to reopen the suppression hearing. The defendant failed to demonstrate that he had discovered additional pertinent facts which he could not have discovered with reasonable diligence before the determination of those branches of his omnibus motion which were to suppress certain physical evidence and identification testimony, which would materially affect or have affected that determination (see CPL 710.40 [4]; People v Clark, 88 NY2d 552, 555 [1996]; People v Fuentes, 53 NY2d 892, 894 [1981]).

The defendant's remaining contentions are unpreserved for appellate review (see CPL 470.05 [2]), and, in any event, are without merit. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.