■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY BARTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered March 8, 1988, convicting him of attempted murder in the second degree, robbery in the first degree (three counts), assault in the first degree, grand larceny in the second degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Naro, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony. By order of this court dated August 20, 1990, the appeal was held in abeyance and the matter was remitted to the Supreme Court, Queens County, to hear and report after a de novo suppression hearing on that branch of the defendant's omnibus motion which was to suppress identification testimony (see, People v Barton, 164 AD2d 917). The court (Naro, J.) has complied and has submitted its report. Justices Rosenblatt and Miller have been substituted for former Justice Brown and the late Justice Kooper (see, 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

The Supreme Court acted properly in denying the defendant's application to suppress identification evidence. The hearing record reveals that a retired police detective was called as a defense witness, but was unable to remember the circumstances surrounding the transporting of the complainant to the police precinct for the purpose of viewing a lineup. Contrary to the defendant's contention, the inability of the witness to recall the facts of the case did not deny the defendant's right to explore the issue of suggestiveness with regard to the lineup. Rather, the defendant received that to which he was entitled—a full and fair opportunity to question the witness in an attempt to discredit the prosecution's evidence. The defendant did not have any right to a witness with a clear and unfailing recollection of all relevant events (see generally, United States v Owens, 484 US 554; Delaware v Fensterer, 474 US 15).

The People came forward with ample evidence demonstrating the fairness of the lineup procedure, and the defendant failed to satisfy his burden of establishing that the lineup was unduly suggestive (see generally, People v Webster, 169 AD2d 796; People v Holmes, 159 AD2d 639; People v Jackson, 108

AD2d 757). Moreover, the record does not support a finding that the police engaged in improper conduct with regard to the lineup procedure, nor can such a conclusion be inferred from the mere inability of the witness to recall the circumstances of the case *(see, People v Stephens,* 143 AD2d 692). Sullivan, J. P., Harwood, Rosenblatt and Miller, JJ., concur.