■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO SANTOS, Appellant. [620 NYS2d 62] —Judgment, Supreme Court, New York County (Edward Sheridan, J.), rendered November 30, 1993, convicting defendant, after a nonjury trial, of two counts of criminal possession of a controlled substance in the third degree and three counts of criminally

using drug paraphernalia in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 5½ to 11 years on the possessory counts and 1 year each on the drug paraphernalia counts, unanimously modified, on the law, to the extent of dismissing the drug paraphernalia counts and vacating the sentences thereon, and otherwise affirmed.

Viewing the evidence in a light most favorable to the People *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt of criminal possession of a controlled substance in the third degree was proven beyond a reasonable doubt by legally sufficient evidence that he and the codefendant were discovered by the arresting officer, acting on a search warrant, fleeing from an apartment where there were drugs and drug paraphernalia in open view (Penal Law § 220.25 [2]; *People v Daniels,* 37 NY2d 624). However, without aid of the statutory presumption contained in Penal Law § 220.25 (2) which is inapplicable to drug paraphernalia *(see, People v Tejada,* 81 NY2d 861), the evidence adduced at trial was legally insufficient to prove that defendant exercised dominion and control over the drug paraphernalia, and we accordingly dismiss those counts of the indictment *(see, People v Manini,* 79 NY2d 561, 573). In view of defendant's past criminal record, we do not find the sentence excessive *(see, People v Junco,* 43 AD2d 266, 268, *affd* 35 NY2d 419, *cert denied* 421 US 951). Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Williams, JJ.