■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JONES, Appellant. [736 NYS2d 406] —Appeal by the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered November 14, 1997, convicting him of criminal possession of a controlled substance in the third degree (two counts) and criminally using drug paraphernalia

in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminally using drug paraphernalia in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt as to the two counts of criminal possession of a controlled substance in the third degree (*see,* Penal Law § 220.25 [2]; *People v Riddick,* 159 AD2d 596). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt as to those charges was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The statutory presumption contained in Penal Law § 220.25 (2) is inapplicable to the crime of criminally using drug paraphernalia in the second degree (*see, People v Santos,* 210 AD2d 129; *People v Tejada,* 81 NY2d 861). Although the evidence was legally sufficient to establish that the defendant exercised dominion and control over the drug paraphernalia, the conviction as to that charge was against the weight of the evidence (*cf., People v Santos, supra*). Accordingly, the conviction of criminally using drug paraphernalia in the second degree and the sentence imposed thereon must be vacated and that count of the indictment dismissed.

The Supreme Court properly denied the defendant's motion to dismiss the indictment, since he failed to establish that any alleged errors potentially prejudiced the grand jury's ultimate decision to indict him (*see, People v Huston,* 88 NY2d 400, 409; CPL 210.20 [1] [c]; 210.35 [5]).

The Supreme Court improperly permitted a police officer to testify that he recognized the defendant when he saw him during the incident, since that testimony suggested that the defendant had previously committed a crime or bad act. However, this error was harmless in view of the overwhelming evidence of the defendant's guilt as to the two counts of criminal possession of a controlled substance in the third degree (*see, People v Crimmins,* 36 NY2d 230).

The defendant's contentions with respect to the Supreme Court's use of the phrase "search for the truth" are largely unpreserved for appellate review (*see,* CPL 470.05 [2]). The defendant did object to the use of this phrase in the Supreme Court's jury charge. However, considering the charge in its entirety,

"there is no basis for concluding that the proper burden of proof upon the People was undermined or less than adequately conveyed" by the use of that phrase (*People v Slacks,* 90 NY2d 850, 851; *see, People v Saez,* 238 AD2d 610; *People v Simpson,* 178 AD2d 500).

The sentence imposed on the convictions for the two counts of criminal possession of a controlled substance in the third degree was not excessive (*see, People v Suitte,* 90 AD2d 80). Altman, J.P., Feuerstein, O'Brien and H. Miller, JJ., concur.