■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUELINE MACK, Appellant. [736 NYS2d 382] —Appeal by the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered November 14, 1997, convicting her of criminal possession of a controlled substance in the third degree (two counts), criminally using drug paraphernalia in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminally using drug paraphernalia in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt as to the two counts of criminal possession of a controlled substance in the third degree (*see,* Penal Law § 220.25 [2]; *People v Riddick,* 159 AD2d 596) and endangering the welfare of a child (*cf., People v Johnson,* 95 NY2d 368, 371-372). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt as to those charges was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The statutory presumption contained in Penal Law § 220.25 (2) is inapplicable to the crime of criminally using drug paraphernalia in the second degree (*see, People v Santos,* 210 AD2d 129; *People v Tejada,* 81 NY2d 861). Although the evidence was legally sufficient to establish that the defendant exercised dominion and control over the drug paraphernalia, the conviction as to that charge was against the weight of the evidence (*cf., People v Santos, supra*). Accordingly, the conviction of criminally using drug paraphernalia in the second degree and the sentence imposed thereon must be vacated and that count of the indictment dismissed. Altman, J.P., Feuerstein, O'Brien and H. Miller, JJ., concur.