■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RODRIGUEZ, Also Known as ORLANDO PILETAS, Appellant. [744 NYS2d 690] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered April 7, 2000, convicting him of manslaughter in the first degree under Indictment No. 1300/99, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered April 7, 2000, revoking a sentence of probation previously imposed by the same court (Ferdinand, J.), upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of stolen property in the fourth degree under Indictment No. 739/96.

Ordered that the judgment and the amended judgment are affirmed.

Contrary to the People's contention, the defendant preserved for appellate review his contention that the court committed reversible error in failing to charge manslaughter in the second degree as a lesser included offense of the indictment charge of murder in the second degree, as the defense counsel specifically requested (*see* CPL 470.05 [2]). Nevertheless, we find no error, because considering the evidence in the light most favorable to the defendant, there is no reasonable view of the evi-

dence which would support a finding that the defendant committed the lesser offense, but not the greater (*see People v Ford,* 62 NY2d 275, 281; *People v Martin,* 59 NY2d 704, 705).

The defendant's general motion to dismiss, at the close of the People's case, failed to preserve for appellate review his argument that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19-20; *People v Udzinski,* 146 AD2d 245, 246). In any event, viewing the evidence in the light most favorable to the prosecution, we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Contes,* 60 NY2d 620; *People v Marzug,* 280 AD2d 974). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Larkin,* 260 AD2d 403; *People v White,* 192 AD2d 736; *People v Rios,* 180 AD2d 696). Ritter, J.P., Krausman, Friedmann and Luciano, JJ., concur.