■ In the Matter of DEMETRI B., Appellant. [862 NYS2d 582]— In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Weinstein, J.), dated August 29, 2007, which, upon a fact-finding order of the same court dated June 27, 2007, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of gang assault in the second degree and menacing in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated June 27, 2007.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's contention that he was denied his right to effective cross-examination is unpreserved for appellate review (cf. CPL 470.05 [2]; People v Marino, 21 AD3d 430, 432 [2005];

*People v Fernandez,* 280 AD2d 680, 681 [2001]). In any event, the appellant's contention is without merit. The appellant was afforded a full and fair opportunity to expose infirmities in the complainant's testimony through cross-examination (*see Delaware v Fensterer,* 474 US 15, 22 [1985]; *People v Mercado,* 237 AD2d 200 [1997]; *Matter of Malik S.J.,* 200 AD2d 621 [1994]; *People v Barton,* 183 AD2d 836 [1992]). The appellant did not have any right to a witness who is free from forgetfulness, confusion, or evasion (*see Delaware v Fensterer,* 474 US at 21-22; *People v Barton,* 183 AD2d at 836).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish that the appellant committed an act which, if committed by an adult, would have constituted the crimes of gang assault in the second degree and menacing in the third degree. Moreover, resolution of issues of credibility is primarily a matter to be determined by the finder of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see Matter of Willie W.,* 32 AD3d 479, 480 [2006]; *cf. People v Romero,* 7 NY3d 633, 644-645 [2006]). Upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the findings of fact were not against the weight of the evidence (*see Matter of Willie W.,* 32 AD3d at 480; *cf. People v Romero,* 7 NY3d at 633). Mastro, J.P., Dillon, Eng and Belen, JJ., concur.