◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIFFANY ELLIS, Appellant. [894 NYS2d 910]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered April 22, 2008, convicting her of manslaughter in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was indicted and tried on charges of murder in the second degree (*see* Penal Law § 125.25 [1]) and manslaughter in the first degree (*see* Penal Law § 125.20 [1]) after she stabbed a man in the chest with a steak knife, causing his death.

Contrary to the defendant's contention, the record does not reflect that the Supreme Court failed to consider, pursuant to her timely and specific request (*see People v Rodriguez*, 295 AD2d 544 [2002]), manslaughter in the second degree and criminally negligent homicide as lesser-included offenses of murder in the second degree and manslaughter in the first degree. In any event, even when viewing the evidence in the light most favorable to the defendant (*see People v Martin*, 59 NY2d 704,

705 [1983]), there is no reasonable view of the evidence that supports the conclusion that the defendant committed either of the lesser offenses but not the greater (*see People v Monroe*, 30 AD3d 616, 617-618 [2006]; *People v Rodriguez*, 295 AD2d at 544, 545). Accordingly, the defendant's contention that reversal is required based on the Supreme Court's failure to consider the lesser offenses is without merit.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83-86 [1982]).

The defendant's remaining contentions are without merit. Covello, J.P., Miller, Dickerson and Belen, JJ., concur.