■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW MOHABIR, Appellant. [975 NYS2d 165]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zayas, J.), rendered April 29, 2011, convicting him of robbery in the second degree and unlawful sale or possession of an imitation firearm, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]) was properly denied, as he failed to make the

requisite prima facie showing of discrimination. In order to establish a prima facie case of discrimination in the selection of jurors under *Batson*, a defendant must show that the prosecutor exercised peremptory challenges to remove one or more members of a cognizable racial group from the venire, and that the circumstances support a finding that those peremptory challenges were used to exclude potential jurors because of their race (*see People v Brown*, 97 NY2d 500, 507 [2002]). Here, the mere fact that the prosecutor exercised four out of nine peremptory challenges against African-American women was insufficient to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination, and the defendant failed to recite circumstances sufficient to establish the requisite pattern of discrimination (*see id.* at 507; *People v Lassiter*, 44 AD3d 877, 878 [2007]; *People v Fryar*, 29 AD3d 919, 920 [2006]; *People v Chowdhury*, 22 AD3d 596 [2005]; *People v Kennerly*, 20 AD3d 491 [2005]).

Since the defendant did not assert a constitutional right to introduce the evidence of the complainant's immigration timeline and status at trial, his constitutional claims are unpreserved for appellate review (*see People v Stephens*, 84 NY2d 990, 992 [1994]; *People v Simmons*, 106 AD3d 1115, 1116 [2013]). Further, the defendant was not denied his right to an effective cross-examination of the complainant, as he was "afforded a full and fair opportunity to expose infirmities in the complainant's testimony through cross-examination" (*Matter of Demetri B.*, 54 AD3d 331, 332 [2008]).

The defendant's allegations of improper bolstering are also unpreserved for appellate review, as defense counsel either failed to make specific and timely objections to the testimony at trial or failed to seek further ameliorative action after certain objections were sustained (*see* CPL 470.05 [2]; *People v Lewis*, 34 AD3d 599 [2006]).

The Supreme Court properly declined the defendant's request to instruct the jury that the complainant could be an accomplice-in-fact, whose trial testimony requires corroboration (*see* CPL 60.22). The defendant offered only unsupported speculation that the witness was a participant in the crimes (*see People v Pelsey*, 60 AD3d 1088 [2009]).

The Supreme Court also properly declined the defendant's request for a jury charge on petit larceny as a lesser-included offense of robbery in the second degree. Considering the evidence in the light most favorable to the defendant, there is no reasonable view of the evidence that would support a finding that the defendant committed the lesser offense, but not the greater (*see*

*People v Vataj*, 107 AD3d 610, 611 [2013], *lv denied* 21 NY3d 1077 [2013]; *People v Rodriguez*, 295 AD2d 544, 544-545 [2002]). Rivera, J.P., Leventhal, Chambers and Lott, JJ., concur.