People v Simms (2019 NY Slip Op 09035)





People v Simms


2019 NY Slip Op 09035


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2015-00829
 (Ind. No. 6223/13)

[*1]The People of the State of New York, respondent,
v
Keith Simms, appellant.


Mark Diamond, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, and Andrew S. Durham of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah Dowling, J.), rendered January 12, 2015, convicting him of course of sexual conduct against a child in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant contends that he was denied his constitutional rights to present a complete defense and confront witnesses because the Supreme Court did not allow him to fully cross-examine the complainant's mother about alleged incidents of sexual violence between the mother and her paramour. However, since the defendant did not assert a constitutional right to introduce the excluded evidence at trial, his constitutional claims are unpreserved for appellate review (see People v Simmons, 106 AD3d 1115, 1116). In any event, the Supreme Court providently exercised its discretion in curtailing the admission of evidence regarding such incidents, which allegedly took place within a non-relevant period of time (see People v Clarkson, 78 AD3d 1573, 1573-1574). Moreover, the defendant was afforded a full and fair opportunity through cross-examination to elicit evidence about the presence of the mother's paramour in the complainant's life (see Matter of Demetri B., 54 AD3d 331, 332).
The defendant's contention that certain remarks made by the prosecutor during summation deprived him of a fair trial is unpreserved for appellate review, as defense counsel either [*2]did not object to the challenged remarks or made only general objections (see CPL 470.05[2]; People v Tonge, 93 NY2d 838, 839-840; People v Salnave, 41 AD3d 872, 874). In any event, the contention is without merit. The prosecutor's remarks were responsive to the defense summation, constituted fair comment on the evidence, or were within the broad bounds of rhetorical comment permissible in closing arguments (see People v Thompson, 118 AD3d 822, 823, revd on other grounds 26 NY3d 678; People v Jackson, 41 AD3d 498, 499). Furthermore, since the challenged summation remarks were not improper, defense counsel's failure to object to them did not constitute ineffective assistance of counsel (see People v Fletcher, 130 AD3d 1063, 1065-1066, affd 27 NY3d 1177).
The defendant's contention that a certain jury instruction given by the Supreme Court deprived him of a fair trial is unpreserved for appellate review, as no such objection was made at trial (see CPL 470.05[2]; People v Jones, 290 AD2d 514, 515). In any event, the contention is without merit, since, "in the context of the jury instructions in their entirety, there is no basis for concluding that the proper burden of proof upon the People was undermined or less than adequately conveyed" (People v Slacks, 90 NY2d 850, 851).
Moreover, the admission of testimony of the People's expert concerning the behavior of child sexual abuse victims was a provident exercise of discretion. The expert spoke in general terms, noting that she had never met or treated the complainant, and "the testimony assisted in explaining the behavior of the [complainant] following the alleged abuse that the jury might not otherwise understand" (People v Taylor, 165 AD3d 707, 709).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court